## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMETEK, INC., | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | |
| | ) | C.A. No. 25-01540-GBW-SRF |
| NICHE POLYMER LLC, WESTCHESTER, | ) | |
| PLASTICS LLC, AND MARSHALLTON | ) | |
| REALTY HOLDINGS LLC, and | ) | |
| ABC CORP. 1-25 (fictitious entities | ) | |
| whose names are presently unknown), | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This civil action brought by Plaintiff, Ametek Inc., involves claims for defense costs and indemnification arising from alleged environmental contamination at a manufacturing facility formerly owned by Plaintiff. Presently before the court is a partial motion to dismiss Plaintiff's claims under The Delaware Uniform Fraudulent Transfer Act ("DUFTA"), 6 Delaware Code § 1301, *et seq.*, (Count III) for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by Defendants Niche Polymer LLC, Westchester Plastics LLC, and Marshallton Realty Holdings LLC ("Defendants"). (D.I. 7)[1]

For the following reasons, I recommend that the court **DENY** the partial motion to dismiss.

## I.      BACKGROUND

The following facts are taken from the Complaint and are assumed to be true for purposes of deciding the pending motion. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Plaintiff formerly owned a manufacturing facility ("the Facility") located in New Castle

---

[1] The briefing associated with this motion can be found at D.I. 8, D.I. 10, and D.I. 13.

1

Delaware until August 30, 2021, when Plaintiff and Westchester Plastics executed the Asset Contribution and Liability Assumption Agreement ("ACLAA") transferring the Facility and other "Contributed Assets" from Plaintiff to Westchester Plastics. (*Id.* at ¶¶ 24-27) Under this agreement, Westchester Plastics acquired the "Assumed Liabilities" including those arising out of "the conduct of the Business, whether before, on or after the Effective Date." (*Id.* at ¶ 30) Niche Polymer and Westchester Plastics entered into a Membership Purchase Agreement ("Purchase Agreement") on or around July 2, 2021, for Niche Polymer's acquisition of Westchester Plastic in its entirety, including its assets and liabilities subject to certain express exclusions which Plaintiff alleges are not relevant to the claims in issue. (*Id.* at ¶¶ 37, 40) The acquisition closed on or around September 7, 2021. (*Id.* at ¶ 38) Marshallton was formed on or around September 2, 2021. (*Id.* at ¶ 42) Westchester Plastics allegedly transferred the Facility to Marshallton on or about December 20, 2021, in a transaction orchestrated by Niche Polymer. (*Id.* at ¶ 44-45) Plaintiff contends Niche Polymer exercised extensive control over both Westchester Plastics and Marshallton, including directing environmental compliance, overseeing Facility operations related to alleged contamination, and participating in communications and meetings with the Delaware Department of Natural Resources and Environmental Control ("DNREC"). (*Id.* at ¶ 46) Plaintiff alleges at the time of the transfer, both Niche Polymer and Westchester Plastics were aware of the Facility's environmental liabilities yet structured the transaction to place those liabilities into underfunded subsidiaries that lacked sufficient assets, rendering Marshallton effectively insolvent. (*Id.* at ¶¶ 50-54)

Plaintiff claims these transactions amount to fraudulent conveyances under DUFTA, constituting actual and/or constructive fraud, and are voidable because they were designed to shield assets from creditors and enforcement authorities and avoid liabilities. (*Id.* at ¶¶ 49-58,

96-113) Plaintiff further alleges that, despite receiving multiple notice and demand letters from the state of Delaware and Plaintiff in 2025, Defendants have failed to respond, assume Plaintiff's defense of third party claims, provide indemnity under the ACLAA and Purchase Agreement, or satisfy on-site obligations. (*Id.* at ¶¶ 60-69) As a result, Plaintiff claims it has incurred and continues to incur damages, including response costs recoverable under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et seq.*, arising from environmental assessments and investigations of the Facility and surrounding areas. Plaintiff further alleges it will continue to incur costs and that Defendants are responsible for such costs under the indemnity obligations of the ACLAA and Purchase Agreement. (*Id.* at ¶¶ 74-75)[2]

Plaintiff filed its Complaint on December 19, 2025. (D.I. 1) On February 20, 2026, Defendants filed a partial motion to dismiss, seeking dismissal of the fraudulent transfer claims under DUFTA in Count III of the Complaint. (D.I. 7; D.I. 1 at ¶96) On March 13, 2026, the instant motion was fully briefed. On April 15, 2026, the case was referred to the undersigned Magistrate Judge to hear and resolve all pretrial matters, up to and including the resolution of case dispositive motions. (D.I. 15)

## II.    LEGAL STANDARD

Rule 12(b)(6) permits a party to seek dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under Rule 12(b)(6), a complaint

---

[2] Plaintiff alleges the Facility was contaminated by and released "hazardous substances" including but not limited to metals, volatile and semi-volatile organic chemicals and per-and polyfluoroalkyl substances ("PFAS"). (D.I. 8 ¶¶ 23, 82). Plaintiff further alleges it incurred remediating costs through consultant expenses and response actions such as complying with the Conservation and Recovery Act, 42 U.S.C. §6901 *et seq.*, and the Hazardous Substances Cleanup Act, 7 Del. C. Ch. 91. (*Id.* at ¶¶ 67-70).

must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth sufficient factual matter, accepted as true in the light most favorable to the plaintiff, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A claim is facially plausible when the factual allegations allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 663; *Twombly*, 550 U.S. at 555-56.

The court's determination is not whether the non-moving party "will ultimately prevail," but whether that party is "entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal citations and quotation marks omitted). This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the necessary element]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). "[A] complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." (*Id.* at 231.)

## III.   DISCUSSION

Defendants move to dismiss Count III, which asserts a claim for fraudulent transfer under 6 Del. C. § 1301 *et seq.*, on the grounds that Plaintiff fails to adequately plead either actual fraud under 6 Del. C. § 1304(a)(1) or constructive fraud under 6 Del. C. §§ 1304(a)(2) and 1305. (D.I. 8 at 1) For the reasons that follow, the court recommends denying Defendants' Partial Motion to Dismiss. (D.I. 7)

### A. Defendants' Arguments Do Not Support Dismissal of Actual Fraud Claims

Under Fed R. Civ. P. 12(b)(6), Defendants bear the burden of showing that no claim has been stated. *See Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1409 (3d Cir. 1991). Although Defendants correctly argue that claims of actual fraud under 6 Del. C. § 1304(a)(1) must meet the heightened pleading standard of Fed. R. Civ. P. 9(b), Defendants fail to explain how the factual allegations in the Complaint fail to plausibly plead the "who, what, where, when and how" factors necessary to demonstrate actual fraud concerning the acquisitions and transfers in issue.[3] (D.I. 8 at 4) In support of their argument, Defendants cite to *JPMorgan Chase Bank, N.A. v. Ballard,* 213 A.3d 1211 (Del. Ch. 2019), which addresses the factors under 6 Del. C. § 1304(b) that support an inference of actual intent, including allegations regarding "insiders, amounts and timing." (D.I. 8 at 4-5) Defendants do not meaningfully explain why the allegations in the instant Complaint are distinguishable from those found sufficient in *Ballard*, in which the court declined to dismiss the fraudulent transfer claim under DUFTA. The *Ballard* court ruled that "[i]n order to state a fraudulent transfer claim, [Plaintiff] must generally plead facts showing intent to defraud with specific supporting facts describing the circumstances of the transfer," and held that the plaintiff had met that standard. *Ballard*, 213 A.3d at 1245 (citing *Quadrant Structured Prods. Co., Ltd. v. Vertin*, 102 A.3d 155, 198 (Del. Ch. 2014)). (D.I. 8 at 4-5)

---

[3] When pleading a claim for actual fraud under Fed. R. Civ. P. 9(b), a plaintiff must satisfy the Third Circuit's requirement that plaintiffs "state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the 'precise misconduct with which it is charged' and 'plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation.'" *Alpizar-Fallas v. Favero*, 908 F.3d 910, 919 (3d Cir.2018) (quoting *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007)). Knowledge and intent "may be alleged generally." Fed. R. Civ. P. 9(b).

Defendants' argument concerning actual fraud under DUFTA barely spans two paragraphs. (*Id.*) They point the court to numbered paragraphs in the Complaint without reference to what is alleged in those paragraphs and why such paragraphs are factually deficient. (*Id.*) They cite to the *Ballard* case, where the motion to dismiss was denied. The court presumes that Defendants cite to *Ballard* for purposes of comparison to the instant Complaint. But Defendants fail to provide substantive argument demonstrating how the instant pleading differs from *Ballard*, and do not explain how such differences warrant dismissal of the instant claims, unlike the result in *Ballard*. *Ballard*, 213 A.3d at 1244-1245.

Defendants simply point the court to numbered paragraphs in the Complaint and fail to meet their burden when they contend that the pleading is deficient without offering any substantive argument. The same is true with respect to Defendants' citations to case authorities. Defendants cite cases without explaining how the cases are relevant to the instant case or how they apply to the allegations in the Complaint. For example, Defendants argue as follows:

> *Premier Heathcare's* dismissal of an actual-fraud claim is instructive: the court rejected conclusory allegations of nominal consideration absent specific supporting facts from which intent could be inferred, even though alternative theories were permitted.

(D.I. 8 at 5) (citing *Premier Healthcare, Inc. v. Waters*, No. 2023-1263-BWD, 2024 WL 4403295, at *3 (Del. Ch. Oct. 4, 2024), *report and recommendation adopted sub nom. Premier Healthcare, Inc. v. Rene Lamont Waters* (Del. Ch. 2024)). Defendants fail to explain the facts of the case, or how it is "instructive" or why the court should apply the same reasoning to the instant case.

In similar fashion, Defendants include a single paragraph arguing in conclusory fashion that the Complaint does not adequately plead "badges of fraud." (D.I. 8 at 5-6) Defendants do not include the statutory citation to where "badges of fraud" are found. (*Id.*) It is assumed for

purposes of this recommendation that Defendants are referring to 6 Del. C. § 1304(b), which enumerates eleven factors that may be considered in determining "actual intent" for purposes of 6 Del. C. § 1304(a).[4] Defendants do not address the specific "badges of fraud" alleged in the instant Complaint. They cite to a case, *In re Appleseed,* where the Plaintiff satisfied the pleading standard for actual fraud by identifying four badges, but fail to explain what relevance the case has to the instant Complaint or why the court should reach the opposite conclusion here. *In re Appleseed's Intermediate Holdings, LLC,* 470 B.R. 289, 300 (Bankr. D. Del. 2012). (D.I. 8 at 5-6)

Absent any substantive discussion of the statutory factors and their application to the allegations in the Complaint, Defendants have not adequately explained why the actual fraud allegations fail to satisfy the heightened pleading standard under Fed. R. Civ. P. 9(b).

### B. Defendants' Arguments Do Not Support Dismissal of Constructive Fraud Claims

Defendants argue that Plaintiff's Complaint also fails to state a claim for constructive fraud because the Complaint does not adequately plead a lack of reasonably equivalent value or facts regarding Defendants' insolvency, undercapitalization, or inability to pay its debts. (D.I. 8 at 6-7) Defendants correctly acknowledge that constructive fraud claims do not need to satisfy the

---

[4] Section § 1304(b) provides that, in determining actual intent, consideration may be given to whether: "(1) The transfer or obligation was to an insider; (2) The debtor retained possession or control of the property transferred after the transfer; (3) The transfer or obligation was disclosed or concealed; (4) Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit; (5) The transfer was of substantially all the debtor's assets; (6) The debtor absconded; (7) The debtor removed or concealed assets; (8) The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred; (9) The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred; (10) The transfer occurred shortly before or shortly after a substantial debt was incurred; and (11) The debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor."

7

heightened pleading standard, instead Fed. R. Civ. P. 8(a)(2) is applicable to pleading such claims. Nonetheless, Defendants argue bald conclusions in support of dismissal of the constructive fraud claims. Defendants include a single paragraph in their opening brief which contains the following conclusory argument:

> DUFTA's constructive-fraud provisions require allegations about the debtor-transferor's financial condition and value received; those are missing or stated "on information and belief" without supporting particulars. That deficiency warrants dismissal under Rule 12(b)(6).

(D.I. 8 at 6)

There is no citation to cases or legal authorities to support their contention. There is no substantive discussion about the pertinent allegations in the instant Complaint, how they are arguably deficient, and on what basis the court should dismiss them under DUFTA or any other authority.

Other than these conclusory assertions, Defendants provide little analysis supporting their position. Defendants cite the elements of a constructive fraudulent transfer claim but do not explain how the allegations in the Complaint fail to satisfy those elements. (*Id.*) Instead, Defendants assert:

> Where the complaint fails to allege facts that the debtor-transferor's liabilities exceeded assets or that the debtor-transferor intended to incur debts beyond ability to pay, Delaware courts dismiss constructive-fraud claims.

(D.I. 8 at 6-7) Accordingly, Defendants have not shown that dismissal of Plaintiff's constructive fraud claim is warranted.

The three single paragraphs devoted to Defendant-specific arguments at the end of Defendants' opening brief contain more conclusory arguments and do not cure the movants' failure to carry their burden of showing that Count III fails to state a claim for relief. (D.I. 8 at 7-

8

8) As with their arguments regarding actual and constructive fraud, *supra*, Defendants do not mention specific allegations in the Complaint or explain why those allegations fail to satisfy the applicable pleading standards. Instead, Defendants offer only conclusory assertions that Plaintiff has failed to state a claim, leaving the Court with no substantive support for their motion.

Accordingly, it is recommended that Defendants' motion to dismiss Count III of the Complaint be **DENIED.**

### C. CONCLUSION

For the foregoing reasons, I recommend that Defendants' motion to dismiss Count III be **DENIED.** (D.I. 7) **IT IS ORDERED** that the oral argument scheduled for June 16, 2026, at 2:00 p.m. is **CANCELLED.** (D.I. 16)

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objections and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: June 15, 2026

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE

9